IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

ALFREDO CALDERON and
IMELDA VILLNUEVA,

     Plaintiffs,

v.

WAY FINDER and
JESUS BERNAL,

     Defendants.

_____

**COMPLAINT FOR UNPAID WAGES**
_____

Plaintiffs, by and through undersigned counsel, file this Complaint for Unpaid Wages against the above-named Defendants.

## STATEMENT OF THE CASE

1. Plaintiffs were employed by Defendants to work long hours for low wages in Defendants' restaurant located in Estes Park, Colorado.

2. Defendants failed to pay Plaintiff Calderon overtime premiums for the overtime hours he worked.

3. Defendants thus violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Colorado Minimum Wage Act ("CMWA"), C.R.S. § 8-6-101 *et seq.,* and the Colorado Overtime and Minimum Pay Standards Order ("COMPS"), 7 C.C.R. 1103-1.

4. Defendants violated the FLSA because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

5. Defendants violated the CMWA as implemented by the COMPS because they require employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek and beyond twelve each workday.

6. Defendants failed to provide both Plaintiffs with required paid ten-minute rest periods during their shifts.

7. Defendants thus violated the COMPS which requires employers to provide their employees with compensated ten-minute rest periods for each four-hour period of work.

8. Defendants refused to pay both Plaintiffs for the last three weeks of their work.

9. Defendants thus violated the FLSA and the COMPS which require payment for all hours worked.

10. As to all of the above, Defendants violated the Colorado Wage Claim Act ("CWCA") because that Act requires employers to pay employees all wages or compensation earned, vested, determinable and unpaid upon their separation from employment.

**PARTIES, JURISDICTION, AND VENUE**

11. Plaintiff Alfredo Calderon was employed by Defendants between approximately July, 2022 and April, 2023. Plaintiff Calderon's signed FLSA Consent to Sue Form is attached to this Complaint as Exhibit 1.

12. Plaintiff Imelda Villanueva was employed by Defendants between approximately August, 2022 and April, 2023. Plaintiff Villanueva's signed FLSA Consent to Sue Form is attached to this Complaint as Exhibit 2.

13. Defendant Way Finder is a registered Colorado corporation with a principal street

address of 900 Moraine Ave., Estes Park, CO 80517.

14. Defendant Jesus Bernal is an owner and manager of the Wayfinder restaurant.

15. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. §§ 201 *et seq.*

16. Plaintiffs request that this Court exercise supplemental jurisdiction over their state law claims brought under the MWA, the COMPS and the CWCA. 28 U.S.C. § 1367.

17. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

## **FACTUAL ALLEGATIONS**

18. Defendants employed Plaintiffs as kitchen workers at Defendants' Wayfinder restaurant located in Estes Park, Colorado and paid them on an hourly basis.

19. Plaintiff Calderon prepared and cooked food, washed dishes, and performed general kitchen work while Plaintiff Villanueva worked as a prep cook.

20. Though Plaintiff Calderon regularly worked more than 40 hours each workweek, and though he regularly worked more than 12 hours in a workday, Defendants refused to pay him overtime premiums for overtime hours worked.

21. For example, during the two-week pay period running from March 6, 2023 through March 19, 2023, Plaintiff Calderon worked a total of 123.18 hours, and during the two-week pay period running from November 28, 2022 through December 11, 2022, Plaintiff Calderon worked a total of 101.11 hours.

22. Defendants did not pay Plaintiff Calderon overtime premium wages for the overtime hours he worked during these or any other pay period during his employment.

23. Defendants attempted to hide their failure to pay overtime wages by issuing Plaintiff Calderon two paychecks each pay period, neither of which, in isolation, shows overtime hours

worked. For example, during the two-week pay period running from March 6, 2023 through March 19, 2023 noted above, Defendants issued Plaintiff Calderon one paycheck showing 80 hours of work, and another showing 43.18 hours of work, for a total of 123.18 hours worked, all paid at the regular rate and with no overtime compensation.

24. Defendants' violations of state and federal wage law were willful.

25. Defendants also failed to provide the Plaintiffs with mandatory, compensated 10-minute break periods for each 4-hour work period.

26. When the Plaintiffs were required to work through their ten-minute rest periods, their shifts were effectively extended by 10 minutes for each four hours of work. Defendants' failure to authorize and permit required, compensated, duty-free rest periods was a failure to compensate the Plaintiffs.

27. Defendants also refused to pay Plaintiffs any wages at all for the final three weeks of their work. Rather, Defendants told Plaintiffs that they were required to sign documents, in English, including a non-disclosure agreement, in order to receive the wages they had earned. Plaintiffs do not read English and, regardless, Defendants' refusal to pay wages earned was unlawful.

28. Each year relevant to this action, the Plaintiffs handled foodstuffs, cleaning materials, restaurant equipment, plates, silverware and other materials which moved in interstate commerce.

29. Each year relevant to this action, Defendants enjoyed more than $500,000.00 in gross revenues.

30. Defendant Jesus Bernal exercised operational and financial control over the Wayfinder restaurant enterprise, directed the Plaintiffs as to their job duties, set Plaintiffs' work schedules, decided Plaintiffs' rates of pay, decided not to pay Plaintiff Calderon overtime wages, initiated the two-paycheck scheme described above, decided not to permit Plaintiffs to take 10-minute rest

periods, and refused to pay Plaintiffs for the final three weeks of their work.

31. Plaintiffs hereby demand payment in an amount equal to all earned but unpaid wages due plus an equal amount in liquidated damages. Such payment should be made in care of undersigned counsel at the listed address.

## FIRST CLAIM – Failure to Pay Overtime Premiums
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

32. Plaintiffs repeat and reallege each of the allegations above as if fully set forth herein.

33. Plaintiffs were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

34. Defendants "employed" the Plaintiffs as that term is defined by the FLSA. 29 U.S.C. §203(g).

35. Defendants were Plaintiffs' "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

36. Defendants employed the Plaintiffs in an enterprise "engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

37. Defendants violated the FLSA when they failed to pay Plaintiff Calderon overtime premiums for hours worked beyond forty in each given workweek. 29 U.S.C. § 207.

38. Defendants violated the FLSA when they refused to pay Plaintiffs any wages at all for the final three weeks of their work. 29 U.S.C. §§ 206, 207.

39. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

40. Plaintiff Calderon suffered lost wages and lost use of those wages in an amount to be determined at trial.

41. Plaintiff Calderon is entitled to recover unpaid overtime premiums, liquidated damages, attorney's fees and costs. 29 U.S.C. § 216(b).

## SECOND CLAIM – Failure to Pay Overtime Premiums, Denied Rest Breaks, and Failure to Pay for All Hours Worked

### Violation of the COMPS, 7 CCR 1103-1

42. Plaintiffs repeat and reallege each of the allegations above as if fully set forth herein.

43. Defendants were Plaintiffs' "employers" as that term is defined by the COMPS Order. 7 C.C.R. 1103-1 ¶ 1.6.

44. Plaintiffs were Defendants' "employees" as that term is defined by the COMPS Order because they performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed, and exercised control over the Plaintiffs, who performed the primary work of the employer. 7 C.C.R. 1103-1 ¶ 1.5(A).

45. Defendants violated the COMPS Order when they failed to pay Plaintiff Calderon overtime premiums for hours worked over forty in each given workweek and for hours worked over twelve each workday.  7 CCR 1103-1 ¶ 4.1.1(A).

46. Defendants violated the COMPS Order when they failed to authorize and permit the Plaintiffs to take compensated ten-minute rest periods for each four hours worked. 7 CCR 1103-1 ¶¶ 5.2.3, 5.2.4.

47. Defendants violated the COMPS Order when they refused to pay Plaintiffs any wages at all for the final three weeks of their work. 7 CCR ¶¶ 3.1, 4.1.

48. As a result, the Plaintiffs suffered lost wages and lost use of those wages in an amount to be determined at trial.

49. Plaintiffs are entitled to recover in this civil action the unpaid balance of the full amount of minimum and overtime wages they are owed, together with reasonable attorney fees and court costs. 7 C.C.R. 1103-1 ¶ 8.1(A).

### THIRD CLAIM – Failure to Pay All Earned, Vested and Determinable Wages
### Violation of the CWCA (C.R.S. § 8-4-101, *et seq.*)

50. Plaintiffs repeat and reallege each of the above allegations as if fully set forth herein.

51. Defendants were Plaintiffs' "employers" as that term is defined by the CWCA because they employed Plaintiffs in Colorado. C.R.S. § 8-4-101(6).

52. Plaintiffs were Defendants' "employees" as that term is defined by the CWCA because they performed labor for the benefit of Defendants. C.R.S. § 8-4-101(5).

53. Defendants violated the CWCA when they failed to pay Plaintiffs all earned, vested and determinable wages upon termination of employment. C.R.S. § 8-4-109.

54. As a result, Plaintiffs suffered lost wages and lost use of those wages in an amount to be determined at trial.

55. Plaintiffs are entitled to recover in a civil action all earned and vested wages owed to them, statutory penalties and attorney fees and costs of suit. C.R.S. § 8-4-109; C.R.S. § 8-4-110.

**WHEREFORE**, Plaintiffs Calderon pray, as to the FIRST CLAIM, for unpaid overtime and other wages brought pursuant to the FLSA, that:

   a. They be awarded unpaid overtime premiums;

   b. They be awarded liquidated damages as required by law;

   c. They be awarded pre-judgment and post-judgment interest as permitted by law;

   d. They be awarded costs and attorney fees per 29 U.S.C. § 216(b); and

   e. They be awarded such other and further relief as may be necessary and appropriate.

And, as to Plaintiffs' SECOND CLAIM, for unpaid overtime wages, unpaid rest periods, and unpaid hours of work brought pursuant to the COMPS, that:

   a. They be awarded the wages they are due, together with attorney fees and costs of suit. C.R.S. § 8-6-118; 7 CCR 1103-1(8.1(A)); and

   b. They be awarded such other and further relief as may be necessary and appropriate.

And, as to their THIRD CLAIM, for unpaid earned, vested and determinable wages brought pursuant to the CWCA that:

   a. They be awarded the wages earned, vested and determinable wages they are due per

      C.R.S. § 8-4-109;

  b. They be awarded statutory penalties per C.R.S. § 8-4-109;

  c. They be awarded attorney fees and costs of suit per C.R.S. § 8-4-110; and

  d. They be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted this 11th day of May, 2023.

                                          *s/ Brandt Milstein*
                                          MILSTEIN TURNER, PLLC
                                          2400 Broadway, Suite B
                                          Boulder, CO 80304
                                          303.440.8780
                                          brandt@milsteinturner.com

                                          *Attorney for Plaintiffs*